UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAYLIN DELK,<br><br>    Plaintiff,<br><br>    v.<br><br>ULTA SALON, COSMETICS, AND FRAGRANCE, INC., a corporation,<br><br>    Defendant. | No. 1:15-cv-01651-TLN-SKO<br><br>**ORDER** |

This is a lawsuit asserting several claims for wage-and-hour violations, workplace discrimination, and interference with protected medical leave. The matter is before the Court on Plaintiff Caylin Delk's ("Delk") motion for leave to amend her complaint to add individual and class claims. (Mot. to Amend, ECF No. 16.) Defendant Ulta Salon, Cosmetics, and Fragrance, Inc. ("Ulta") opposes the motion. (Opp'n, ECF No. 17.) For the reasons set forth below, Delk's motion is DENIED.

**I.    LEGAL STANDARD**

Motions to amend are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

1

But Rule 15(a) does not control once the Court has issued a Pretrial Scheduling Order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Instead, Rule 16(b) supplies the governing standard. *Id.* at 608. Under Rule 16(b), the Pretrial Scheduling Order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The burden to show good cause lies with the party seeking to amend. *Johnson*, 975 F.2d at 608. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. "If that party was not diligent, the inquiry should end." *Id.*

## II. DISCUSSION

On June 13, 2016, the Court issued its Pretrial Scheduling Order, which provides in relevant part that "no amendments to pleadings [will be] permitted without leave of court, good cause having been shown." (Order, ECF No. 15 at 1:24–26.) Thus, the Order incorporates Rule 16(b)'s "good cause" standard for any proposed amendment.

Delk filed this motion to amend over six months after the Pretrial Scheduling Order issued. She aims to add four new causes of action for various wage-and-hour violations, primarily based upon allegations that she was a piece-rate employee who was improperly underpaid for non-productive time. (ECF No. 16 at 2:3–7.) She also aims to bring nine of her claims as a class action. (ECF No. 16 at 2:8–10.) Delk argues she has shown good cause for three reasons. (Mem. of P&A in Supp. of Mot., ECF No. 16-1 at 2:7–21.) None is persuasive.

First, Delk argues that her proposed claims based on California Labor Code § 226.2 did not ripen until roughly a week before she sought leave to amend. Until December 15, 2016, a safe harbor provision in § 226.2 allowed employers who underpaid their piece-rate employees to avoid civil liability for certain violations by asserting as an affirmative defense that they had retroactively compensated their employees during the safe-harbor period. Cal. Lab. Code. § 226.2(b). Delk suggests she could not confidently assert a § 226.2 claim (or any claims derivative thereof) until after the safe-harbor period expired because Ulta could have simply compensated her and invoked the affirmative defense. (ECF No. 16-1 at 2:7–9.) But Delk does not explain why her speculation about potential defenses that Ulta *might* have invoked constitutes good cause to add new claims now. "A scheduling order is not a frivolous piece of paper, idly

2

entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (citation omitted).

Second, Delk argues she could not have sought leave to amend any earlier because her counsel only "recently became aware" of the facts supporting the claims she hopes to add "during the course of additional consultations with [Delk]." (ECF No. 16-1 at 9:9–11.) Put another way, Delk's lawyers only recently elicited useful, preexisting information from their own client, over a year after this lawsuit was filed. Delk articulates no reason why she has good cause to add these claims, other than her lawyers' carelessness or oversight during their client interviews. But "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Finally, Delk argues that Ulta will receive an ill-gotten windfall if Delk is not able to convert this lawsuit into a class action. (ECF No. 16-1 at 2:18–21.) According to Delk, "the relatively small recovery" available to members of her proposed class makes it unlikely that would-be class members will prosecute their claims individually. (ECF No. 16-1 at 2:18–21.) That rationale explains why a class action may have been advantageous in the first instance, but it does nothing to address whether good cause exists for Delk's tardy shift in tactics.

### III. CONCLUSION

Delk has not shown good cause as required by the Pretrial Scheduling Order to file an amended complaint. Accordingly, her motion to amend (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: August 16, 2017

Troy L. Nunley
United States District Judge